KEVIN B. FAGA, ESQ., P.C.
Kevin B. Faga, Esq. (KF5829)
399 Knollwood Road, Suite 301
White Plains, New York 10603
Tel: (914) 358-1373
Fax: (914) 358-1381
Kevin@kevinbfaga.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ZEFERINO CASTELAN-HILARIO, MARIO QUIRINO,
OSCAR ORTEGA, and MARCOS GEOVANNY, on
Behalf of themselves and others similarly situated,

                Plaintiffs,

-against-

VIDA CAFÉ INC. d/b/a MAMAJUANA CAFÉ,
RANCHO VIDA LLC d/b/a MAMAJUANA CAFÉ,
VICTOR OSORIO, VICOTR SANTOS, and JOHN
DOES 1-10,
                Defendants.
-----------------------------------------------------------------------X

Case No.: 15 CV 2015
(RJS) (HP)

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO DISCLOSE PENDENCY OF FLSA COLLECTIVE ACTION**

---

Dated: White Plains, New York
       October 15, 2015

                              KEVIN B. FAGA, ESQ., P.C.
                              Kevin B. Faga, Esq. (KF5829)
                              *Attorney for Defendants:*
                                *Vida Café Inc.;*
                                *Victor Osorio;*
                                *Victor Santos*

# TABLE OF CONTENTS

                                                                    **PAGE**

TABLE OF AUTHORITIES............................................................................ ii

PRELIMINARY STATEMENT.....................................................................1

STATEMENT OF FACTS..............................................................................1

LEGAL ARGUMENT....................................................................................2

PLAINTIFFS' MOTION FOR DISCLOSURE OF ITS FLSA COLLECTIVE ACTION SHOULD BE DENIED IN ITS ENTIRETY.................................................2

    A. The Court is not authorized to Issue Notice to the Potential Collective Action Members at this Time...............................................................................2,3

    B. Plaintiffs have Not Satisfied their Burden of Proof which would Authorize this Court Pursuant to Section 216(b) of the FLSA to Disclose the Pendency of the Collective Action to Potential Members, Thus, Plaintiffs' Motion Should be Denied in its Entirety......................................................................3-5

        i. Plaintiffs have Not Met the First Step in the Two Step Process for Certification of a Collective Action Allowing Disclosure of the Collective Action, Thus, Plaintiffs' Motion Should be Denied in its Entirety. ....................................................................5-7

    C. Based On Plaintiffs' Failure to Meet their Initial Burden for Disclosure All Other Request Sought by Plaintiffs in their Motion Should be Denied in its Entirety.....................................................................7

CONCLUSION................................................................................8

## TABLE OF AUTHORITIES

**CASE**                                                                                             **PAGE**

Ahmed v. T.J. Maxx Corp.,
No. 10-CV-3609 ADS AYS, 2015 WL 2189959 (E.D.N.Y. May 11, 2015)....2

Costello v. Kohl's Illinois, Inc.,
No. 1:13–CV–1359 (GHW), 2014 WL 4377931,(S.D.N.Y. Sept. 4, 2014)......3

Hoffman v. Sbarro, Inc.,
982 F.Supp. 249, 261 (S.D.N.Y.1997)................................................................4

Mendoza v. Ashiya Sushi 5, Inc.,
No. 12 CIV. 8629(KPF), 2013 WL 5211839,(S.D.N.Y. Sept. 16, 2013)……...2,3

Morales v. Plantworks, Inc.,
No. 05 Civ. 2349(DC), 2006 WL 278154,(Feb. 2, 2006)……………………...3,5

Myers v. Hertz Corp.,
624 F.3d 537, 542 (2d Cir.2010)………………………………………………..*Passim*

Sanchez v. JMP Ventures, L.L.C.,
No. 13 CIV. 7264 KBF, 2014 WL 465542,(S.D.N.Y. Jan. 27, 2014)………….*Passim*

Romero v. H.B. Auto. Grp., Inc.,
No. 11 Civ. 386(CM), 2012 WL 1514810,(S.D.N.Y. May 1, 2012)…………..3,4

Young v. Cooper Cameron Corp.,
229 F.R.D. 50, 54 (S.D.N.Y.2005).......................................................................3

## STATUTE

Fed. R. Civ. P. 23

29 U.S.C. § 216

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the Defendants, Vida Café Inc., (hereinafter referred to as" VIDA CAFÉ"), Victor Osorio (hereinafter referred to as "OSORIO"), and Victor Santos (hereinafter referred to as " SANTOS") (collectively referred to as " Defendants") in the above captioned action in opposition to the Plaintiffs' Motion to Disclose Pendency of FLSA Collective action, by obtaining conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") Section 216(b).

Specifically, the Defendants contend that the Plaintiffs have not met their burden to establish a "similarly situated" class. While the Court does have the discretion to grant a conditional certification at such an early stage, case law and opinions from this Court make it clear that the notice and opt-in process outlined by the FLSA is **not** a discovery device to determine whether conditional certification is appropriate. In the matter at bar, Plaintiffs' supporting affidavits, Memorandum of Law and Complaint, state barebones allegations without a hint of supported for any of their assertions. This lack of minimal support is fatal to Plaintiffs motion and requires its denial.

Therefore, based on the stated reasons above and for the reasons that are presented below, the Defendants respectfully submits that Plaintiff's motion be denied in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to the Affidavit of OSORIO, for a statement of the relevant facts in this matter.

1

## **LEGAL ARGUMENT**

## **PLAINTIFFS' MOTION FOR DISCLOSURE OF ITS FLSA COLLECTIVE ACTION SHOULD BE DENIED IN ITS ENTIRETY**

### A. <u>The Court is not authorized to Issue Notice to the Potential Collective Action Members at this Time.</u>

Though a District Court does have the discretion at an early stage of litigation, like the case at bar, to disclose the pendency of a collective action to potential "opt-in" members, FLSA §216(b) should not be used as a discovery device to determine whether conditional certification is appropriate. Thus, because of the early status of this case and the lack of supporting information from the Plaintiffs, it is respectfully requested that Plaintiffs' motion be denied in its entirety.

Although a District Court is not required to do so by the FLSA, District Courts 'have discretion, in **appropriate cases**, to implement [§ 216(b) ] ... by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Ahmed v. T.J. Maxx Corp.*, No. 10-CV-3609 ADS AYS, 2015 WL 2189959, at 2 (E.D.N.Y. May 11, 2015). (emphasis added).

Pursuant to FLSA § 216(b), an employee can initiate an action in federal or state court against his or her employer "in behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216. In contrast to traditional "class actions" maintainable pursuant to Fed.R.Civ. 23, plaintiffs in an FLSA collective action "must affirmatively 'opt in' to be part of the class and to be bound by any judgment." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir.2010). In addition, "FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness." *Mendoza v. Ashiya*

2

*Sushi 5, Inc.*, No. 12 CIV. 8629(KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013) (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005)); see also Fed.R.Civ.P. 23(a). Therefore, the requirements for certifying a collective action pursuant to FLSA § 216(b) are less onerous than the requirements pursuant to Fed.R.Civ.P. 23, for certifying a class action. See *Costello v. Kohl's Illinois, Inc.*, No. 1:13–CV–1359 (GHW), 2014 WL 4377931, at *2 (S.D.N.Y. Sept. 4, 2014) ("Unlike class actions, FLSA collective actions need not satisfy the requirements of Fed.R.Civ.P. 23, and only plaintiffs who 'opt in' by filing consents to join the action are bound by the judgment.") (citing *Mendoza*, 2013 WL 5211839, at *2).

"Nevertheless, while a plaintiff's "burden of proof is low, it is not non-existent-certification is not automatic.". *Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) ( citing *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386(CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012). Certification of a "collective action" is a two-step process in the Second Circuit. See *Myers*, 624 F.3d at 554–55. "Even at the conditional certification stage, a plaintiff's burden under § 216(b) cannot be satisfied simply by unsupported assertions or with "conclusory allegations." *Sanchez*, supra., citing *Myers*, 624 F.3d at 555. (See also *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278154, at *3 (Feb. 2, 2006).

In the case at bar, Plaintiffs have not met their low burden of proof. As will be outlined below, Plaintiffs Complaint, supporting Affidavits and Motion, do not suffice to meet this standard required for disclosure to potential "opt-in" members.

3

### B.  Plaintiffs have Not Satisfied their Burden of Proof which would Authorize this Court Pursuant to Section 216(b) of the FLSA to Disclose the Pendency of the Collective Action to Potential Members, Thus, Plaintiffs' Motion Should be Denied in its Entirety.

Based on the fact that Plaintiffs have not made a "modest factual showing" that the named initial plaintiffs and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law," Plaintiffs have failed to meet their low burden for disclosure. Therefore it is respectfully submitted that Plaintiffs' motion be denied in its entirety.

Certification of a "collective action" is a two-step process in the Second Circuit. See *Myers*, 624 F.3d at 554–55. At the first step (conditional certification), the Court simply authorizes notice to be sent to potential similarly situated plaintiffs. *Id.* at 555. Plaintiffs bear the light burden of making a "modest factual showing" that the named initial plaintiffs and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (quoting *Hoffman v. Sbarro*, Inc., 982 F.Supp. 249, 261 (S.D.N.Y.1997)).

At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. Defendants may then move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs. *Id.*

Nevertheless, while a plaintiff's "burden of proof is low, it is not non-existent— 'certification is not automatic.'" *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386(CM), 2012 WL 1514810, at 10 (S.D.N.Y. May 1, 2012). Even at the conditional certification stage, a plaintiff's burden under § 216(b) "cannot be satisfied simply by unsupported assertions," *Myers*, 624 F.3d

4

at 555 (internal quotation marks omitted), or with "conclusory allegations." *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278154, at *3 (Feb. 2, 2006).

### i. Plaintiffs have Not Met the First Step in the Two Step Process for Certification of a Collective Action Allowing Disclosure of the Collective Action, Thus, Plaintiffs' Motion Should be Denied in its Entirety.

At the first step, Plaintiffs bear the light burden of making a "modest factual showing" that the named initial plaintiffs and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Plaintiffs bear the light burden of making a "modest factual showing" that the named initial plaintiffs and the potential opt-in plaintiffs "together were victims of a **common policy or plan that violated the law**." *Sanchez*, supra (citing *Myers*, 624 F.3d at 555). (Emphasis added).

In Sanchez, the court denied plaintiff's motion for conditional certification pursuant to 29 U.S.C. § 216(b). *Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) The court in *Sanchez* reached it decision based on the following. In *Sanchez*, the plaintiff alleged he "regularly worked 54 hours per week at the 2 Gold Street location and 42 hours per week at the 225 Murray Street location, and that he was paid neither the minimum wage nor overtime wages as required by the FLSA." *Sanchez*, supra. Plaintiff repeatedly stated, in substance, that these policies to which he was subjected in his seven months employed by defendants were the "common practice" at all of defendants' locations, since each restaurant's inception based on "observations" and "conversations" with other employees (whose first names he lists). *Id.* The plaintiff in *Sanchez* did not provide any detail as to a single such observation or conversation. As a result, the court could not know where or when these observations or conversations occurred, which is critical in order for the court to determine the

5

appropriate scope of the proposed class and notice process. Instead, the court was left with a list of generalized allegations that have been molded into a declaration which read similarly to the complaint. **These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)**. *Id.* (Emphasis added).

In the case at bar, all supporting affidavits and the Complaint, recite the same type of barebones allegations which have been found to be unsupported assertions. Each of the Plaintiffs' supporting affidavits contains the blanket statement that they worked X number of hours and was paid neither the minimum wage nor overtime wages. The Plaintiffs' affidavits lack any assertion that they were "victims of a common policy or plan that violated the law." All that is alleged in the supporting affidavits, in similar, if not identical language, is that "I have spoken to former co-workers who have worked at the Defendants' restaurants, and they similarly have not been paid minimum wages or overtime compensation." (Plaintiffs Doc. 33-2, 33-3, 33-4); the same type of allegations that led to denial in *Sanchez*.

Plaintiffs again use barebones allegations when asserting that Defendant VIDA CAFÉ and Co-Defendant Rancho Vida are under the same ownership and control. As fully described in Defendant OSORIO's affidavit, both entities are completely separate from each other. Here, again, Plaintiffs allege generalized allegations which are unsupported and conclusory in an attempt to create a similarly situated class.

Moreover, Plaintiff ZEFERINO CATELAN-HILARIO, did not even provide a supporting affidavit of Plaintiffs' instant motion. This alone fails to meet the required showing that "the named initial plaintiffs and the potential opt-in plaintiffs" are similarly situated. The lack of

ZEFERINO CATELAN-HILARIO supporting affidavit gives the Court no information or support of this Plaintiff's class, employment, any alleged mistreatment or victimization by a common policy or plan to violate the law. Without said affidavit Plaintiffs cannot establish that the named Plaintiffs are similarly situated.

Plaintiffs' failure to make a modest factual showing that the named initial plaintiffs and the potential opt-in plaintiffs together were victims of a common policy or plan that violated the law, requires that Plaintiffs' instant motion be denied in its entirety.

### C. Based On Plaintiffs' Failure to Meet its Initial Burden for Disclosure All Other Request Sought by Plaintiffs in their Motion Should be Denied in its Entirety.

Based upon the case law and legal arguments above, it is respectfully submitted that the remainder of Plaintiffs' request in their motion be denied in entirety, as they have failed to satisfy the first step in disclosing this action to other potential "opt-in" members.

Plaintiffs remaining request to (1) compel Defendant to furnish all contact information of former and current employees; (2) authorizing Plaintiff to circulate a Notice of Pendency; and (3) authorizing Plaintiff access to VIDA CAFÉ to post notice, must be denied. The remaining requests all hinge on Plaintiffs' meeting their burden of establishing a similarly situated class. Plaintiffs' failure to meet this burden is fatal to all other relief requested.

Therefore, it is respectfully submitted that Plaintiffs motion be denied in its entirety.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that Plaintiffs' motion be denied in its entirety.


Dated: White Plains, New York
       October 15, 2015

Respectfully Submitted,

Kevin B. Faga, Esq. (KF5829)
399 Knollwood Road, Suite 301
White Plains, New York 10603
*Attorney for Defendants*
   *Vida Café Inc.,*
   *Victor Osorio, and*
   *Victor Santos*
Tel: (914) 358-1373
Fax: (914) 358-1381
Kevin@kevinbfaga.com
