UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEFERINO CASTELAN-HILARIO, *et al.*, on behalf of themselves and others similarly situated,

                Plaintiffs,

-v-

VIDA CAFE INC., *et al.*,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/16

No. 15-cv-2015 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On August 15, 2016, the parties submitted a "Proposed Settlement" (Doc. No. 69-1) requesting that the Court: (1) enter judgment against Defendant Victor Osorio ("Osorio") in the amount of $600,000, inclusive of all damages, liquidated damages, attorneys' fees, costs, and interest in this Fair Labor Standards Act ("FLSA") case; (2) dismiss the action against Osorio with prejudice; (3) dismiss the action against Defendants Victor Santos ("Santos") and Ranch Vida, LLC ("Ranch Vida") without prejudice; and (4) retain jurisdiction for the limited purpose of enforcing the terms of the settlement. (*Id.*; *see also* Doc. No. 69 at 1.) Although the parties initially proposed that the claims against Defendant Vida Café, Inc. ("Vida Café") remain stayed pending Vida Café's bankruptcy pursuant to Chapter 362(a) of the Bankruptcy Code, Plaintiffs subsequently informed the Court that they intended to dismiss the remaining claims against Vida Café.

    Because this action involves claims under the FLSA, Court approval is required for any settlement. *Dorain Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). On August 18, 2016, the Court issued an order declining to approve the Proposed Settlement on

the ground that one of the named Plaintiffs, Mario Quirino, had not yet signed it. (Doc. No. 70.) Nevertheless, the Court ordered the parties to resubmit the Proposed Settlement with Quirino's signature or an affidavit indicating that Mr. Quirino had read the Proposed Settlement and approved it. (*Id.*) The Court also ordered Plaintiffs to indicate whether they intended the dismissal against Vida Café to be with or without prejudice. (*Id.*)

The Court is now in receipt of a letter from the parties that attaches an affidavit from Tatiana Cevallos, a paralegal who works for Plaintiffs' counsel and speaks fluent Spanish. (Doc. No. 71-1.) According to the affidavit, Ms. Cevallos communicated with Mr. Quirino by telephone at approximately 9:30 a.m. on Thursday, August 25, 2016 (*id.* ¶ 3), at which time Mr. Quirino indicated that he lives in a very rural and remote part of Mexico, thereby making it impossible to obtain his written signature on the Proposed Settlement by email or fax. (*Id.* ¶ 4.) Ms. Cevallo also attests to having orally translated the Proposed Settlement to Mr. Quirino on the phone, confirmed with him that he understood the Proposed Settlement's content, and received his approval to the Proposed Settlement's terms. (*Id.* ¶ 5.) Plaintiffs also clarify that they do not intend to dismiss their claims against Vida Café and prefer to keep this matter stayed pending resolution of Vida Café's bankruptcy. (Doc. No. 71 at 1.) For the reasons set forth below, the Court approves the Proposed Settlement and directs that this case remain stayed during the pendency of Vida Café's bankruptcy.

In cases brought under the FLSA, "[i]t is generally the role of the district court to evaluate the fairness of each individual settlement based on the circumstances of any given case." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *1 (S.D.N.Y. Feb. 3, 2016); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). "The ultimate question is whether the proposed settlement reflects a fair and

'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lola*, 2016 WL 922223, at *1 (quoting *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)). In evaluating the fairness of a proposed settlement, the Court considers a non-exhaustive list of factors, such as: (1) "the plaintiff's range of possible recovery," (2) "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," (3) "the seriousness of the litigation risks faced by the parties," (4) "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) "the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp.2d at 335 (internal quotation marks omitted).

Here, Plaintiffs seek damages primarily for Defendants' alleged failure to pay minimum wages, overtime compensation, and "spread of hours" premiums under the FLSA and New York Labor Law ("NYLL"). (Jt. Letter 4; *see also* Doc. No. 1 ("Compl.").) Plaintiffs estimate that, were they to prevail on all claims, they could have recovered approximately $600,000 in unpaid wages and $500,000 in liquidated damages. (Jt. Letter 5.) However, Plaintiffs also acknowledge that they would have faced substantial litigation risks if they were to go to trial. For example, while Plaintiffs have no records of their hours worked or compensation received, Defendants retained records that would have indicated, among other things, that certain Plaintiffs had not worked continuously for Defendants. (*Id.*) Accordingly, Plaintiffs risked the possibility that the jury would have credited Defendants' testimony or Defendants' documentary evidence, or discredited Plaintiffs' hours estimates, which might have resulted in a substantially diminished recovery. (*See id.*) Furthermore, even if Plaintiffs were to succeed at trial, they might still have had difficulty collecting on a judgment because of the bankruptcy of Vida Café. Moreover,

because individual liability under the FLSA entails a highly fact-intensive inquiry, *see, e.g., Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013), Plaintiffs may not have recovered against either Santos or Osorio even after proving liability against Vida Café.

The trial in this matter, which the parties estimate would have lasted for approximately three days, also would have required the parties to expend substantial resources. Furthermore, the parties represent, and the Court has no reason to doubt, that their settlement is the result of arm's-length negotiations. The Court also finds that Plaintiffs' counsel's relatively modest request for fees and costs of $61,490, which represents approximately ten percent of Plaintiffs' total recovery, is also fair and reasonable and belies any inference that the Proposed Settlement is the product of "fraud" or "collusion." *See, e.g., Vargas v. Capital One Fin. Advs.*, No. 12-cv-5728 (LTS) (DCF), 2013 WL 4407094, at *5 (S.D.N.Y. Aug. 15, 2013) ("Counsel's decision to settle in light of the circumstances of the case, and receipt of 25% of the settlement fund as attorneys' fees, are in no way indicative of fraud or collusion."), *aff'd*, 559 F. App'x 22 (2d Cir. 2014); *see also Palacio v. E*TRADE Fin. Corp.*, No. 10-cv-4030 (LAP) (DCF), 2012 WL 2384419, at *6 (S.D.N.Y. June 22, 2012) (noting that courts in this district routinely approve attorney fee requests equaling as much as one-third of the amount of Plaintiffs' full recovery and collecting cases).

Thus, the Court concludes that a settlement awarding Plaintiffs $600,000, which represents more than half of Plaintiffs' optimal recovery, is fair and reasonable. Accordingly, a judgment in the amount of $600,000, inclusive of all damages, liquidated damages, attorneys' fees, costs, and interest, is HEREBY ORDERED, ADJUDGED, AND DECREED against Osorio. IT IS FURTHER ORDERED that (1) this action is dismissed against Osorio with prejudice; (2) this action is dismissed against Santos and Ranch Vida without prejudice; (3) the

Court retains jurisdiction to enforce the terms of the settlement, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); and (4) this action is stayed against Vida Café during the pendency of its bankruptcy, pursuant to Section 362(a) of the Bankruptcy Code. The Clerk is respectfully directed to keep this matter on the Court's suspense calendar. IT IS FURTHER ORDERED that Plaintiffs shall submit an update, no later than September 14, 2016, and every fifteen days thereafter, apprising the Court of the status of Vida Café's bankruptcy and whether Plaintiffs still intend to proceed against Vida Café.

SO ORDERED.

Dated:   August 30, 2016
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE